WAGNER & JONES LLP
ANDREW B. JONES Bar No. 076915
C.M. ADAMS Bar No. 192191
1111 E, Herndon, Suite 317
Fresno, CA 93720
Telephone: (559) 449-1800
Facsimile: (559) 449-0749

Attorneys for Plaintiff
BONAFACIO GARCIA


SEDGWICK, DETERT, MORAN & ARNOLD LLP
BRUCE D. CELEBREZZE Bar No. 102181
REBECCA A. HULL Bar No. 99802
MARC A. KOONIN Bar No. 166210
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, California 94105
Telephone: (415) 781-7900
Facsimile: (415) 781-2635

Attorneys for Defendant
UNITED INSURANCE COMPANY OF AMERICA

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Bonafacio Garcia,<br><br>     Plaintiff,<br><br>     v.<br><br>United Insurance Company of America, Hani Hassouneh, and DOES I-XX,<br><br>     Defendants. | CASE NO. 1:08-cv-01153-OWW-GSA<br><br>STIPULATED PROTECTIVE ORDER |

To facilitate the production of Confidential Material through the discovery process, Plaintiff Bonafacio Garcia, by and through his attorneys, the Law Offices of Wagner & Jones L.L.P., and Defendant United Insurance Company of America ("United"), by and through its attorneys, Sedgwick, Detert, Moran & Arnold LLP, (collectively the "parties"), hereby enter into the following proposed Stipulated Protective Order ("Protective Order") regarding the production and exchange of documents in this litigation as follows:

1.      Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure and as part of its disclosures in this action, United intends to disclose to plaintiff certain internal documentation pertaining to the confidential operations of United's business.

2.      Plaintiff agrees that United may designate certain information and documents disclosed pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure or otherwise produced in discovery in this case as "CONFIDENTIAL" under the terms of this Protective Order, as information which has not been made public and which concerns or relates to United's business practices, including underwriting, sales, claims handling and analysis regarding disputed coverage issues, the disclosure of which information will have the effect of causing harm to the competitive position of United and its presently and/or formerly related entities.

3.      United and plaintiff may designate such other certain documents, material, testimony, or other information derived therefrom as "CONFIDENTIAL" under the terms of this Protective Order. The terms of this Protective Order will also apply to such certain other documents designated as "CONFIDENTIAL." Information in any form designated as "CONFIDENTIAL" under this Protective Order, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as CONFIDENTIAL shall be known as "Confidential Material" for purposes of this Protective Order.

4.      By designating a document, including documents kept in electronic form, thing, material, testimony or other information derived therefrom as Confidential Material under the terms of this Protective Order, the party so designating is certifying to the court that there is a good faith basis both in law and in fact for the designation.

5.      Confidential Material contained in documents shall be so designated by affixing, stamping, or overlaying the legend "CONFIDENTIAL" (or "Confidential ― Subject to Protective Order", or similar language) on each page that contains protected material. If the producing party only intends to designate a portion or portions of the material on a page as Confidential Material, then the producing party must clearly identify the protected portion(s) (e.g., by making appropriate markings (such as brackets and underlining) and comments in the margins). However, the producing party may designate a produced document as constituting

Confidential Material after production for good cause notwithstanding the lack of a "CONFIDENTIAL" stamp on the document.

6. Testimony taken at a deposition, conference, hearing or trial may be designated as confidential by making a statement to that effect on the record at the deposition or other proceeding, or by providing notice to all other parties and the court reporter in writing within 30 days of receipt of a certified copy of the transcript of the specific portions of the testimony being designated as Confidential Material. Arrangements shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as Confidential Material, and to label such portions appropriately.

7. Confidential Material shall be used only for the purposes of the prosecution, defense, or settlement of this action, and for no other purpose.

8. Unless otherwise ordered by the court or permitted in writing by the producing and designating party, Confidential Material produced pursuant to this Protective Order may be disclosed or made available only to Qualified Persons. Qualified Persons include only:

    a. outside counsel of record in this action, as well as employees and contractors of said counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

    b. Parties and former parties to this action (including, for corporate parties, their officers, directors, employees, agents, contractors, in-house counsel, and former officers, directors, employees, agents, contractors), to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

    c. experts to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

    d. the Court and its personnel (including the Court's own designated court reporters);

  e.  court reporters other than the Court's designated court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

  f.  during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A).

  g.  the author of the document or the original source of the information;

  h.  mediators or other alternative dispute resolution neutrals (including their employees, agents, and contractors), to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A), provided that, pursuant to the provisions of this Protective Order, the mediator or other neutral, absent a court order or written agreement of the parties to the contrary, must agree to and must return all Protected Material to the parties within 30 days of concluding any mediation (or other Alternative Dispute Resolution process), or, if mediation is not completed, no later than 90 days following receipt of the Protected Material.

  i.  such other persons that both parties agree, in writing, shall be given permission to view Confidential Material. Such an agreement may or may not require a person to have signed the "Agreement to Be Bound by Protective Order" (Exhibit A) prior to receiving Confidential Material.

9.  Counsel shall secure a properly executed copy of the "Agreement to Be Bound by Protective Order" (Exhibit A) from each person required to sign such a form before receiving Confidential Material to whom counsel discloses Confidential Material, and shall maintain copies or the original of each such executed agreement.

10.  Depositions shall be taken in the presence of Qualified Persons only.

11.  Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential Material as it deems appropriate.

12. If Confidential Material is to be included in any papers to be filed in Court, the party proposing that such material be filed must first file a motion to obtain a court order allowing such information to be filed under seal, and the confidential material must be filed under seal, except that the producing party at its discretion may file such material without such protection at its discretion. A Party that seeks to file under seal any Confidential Material must comply with applicable local rules, including Local Rules 37-251, 39-140 and 39-141. Local Rules 37-215 and 78-230 provide for minimum notice for discovery and non-discovery motions. However, under the terms of this Protective Order, a party who seeks to file Confidential Material designated as such by another party under seal on noticed motion shall set for hearing on the noticed motion calendar of the Judge or Magistrate Judge to whom the action has been assigned or before whom the motion to seal is to be heard with at least seven (7) additional calendar days' notice than required under the Local Rules, to allow the designating party time to also file a Motion to Seal the materials. Any Ex Parte application to file Confidential Material designated as such by another party shall notify the Court of that fact, shall seek to file the Confidential Material under seal and ask the Court to allow the designating party an opportunity to support such a request, and shall provide as much prior notice as practical to the designating party so that he or it can join in the Ex Parte application.

13. In the event that any Confidential Material is used in any court proceeding in this action, it shall not lose its confidential status through such use, and the party using such shall take all reasonable steps to maintain its confidentiality during such use.

14. This Protective Order shall be without prejudice to the right of the parties (i) to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted or (ii) to present a motion to the Court for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein. This Protective Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Protective Order. This Protective Order shall be effective between the parties irrespective of whether the Court executes it.

15. This Protective Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Protective Order nor the production of any information or document under the terms of this Protective Order nor any proceedings pursuant to this Protective Order shall be deemed to have the effect of an admission or waiver by any party or of altering the confidentiality or nonconfidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

16. This Protective Order shall survive the final termination of this action, to the extent that the information contained in Confidential Material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder. Upon termination of this case, counsel for the parties shall assemble and return to the producing party all documents, material and deposition transcripts designated as confidential by that producing party, and all copies of same, or shall certify the destruction thereof.

17. Unless otherwise ordered or agreed in writing by the producing party or as set forth below regard United's counsel's maintenance of a full set of Confidential Material produced in this action, within sixty days after the final termination of this action, each other person receiving copies of Confidential Material must return to the producing party or destroy all Confidential Material. As used in this subdivision, "all Confidential Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Confidential Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Confidential Material. Any such archival copies that contain or constitute Confidential Material remain subject to this Protective Order. Additionally, notwithstanding any other provision of this Protective Order, counsel for United shall maintain copies of all Confidential Material produced by any party in this action for the period required under United's counsel's records retention policy and, in any event, for a period of time of not less than one year from the final termination of this action, after which time those

archived Confidential Materials can be destroyed by United's counsel without certification of their destruction.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: May 19, 2009  WAGNER & JONES L.L.P

By: /s/ C.M. Adams (as authorized on 5/19/09)
ANDREW B. JONES
C.M. ADAMS
Attorneys for Plaintiff
BONAFACIO GARCIA

DATED: May 19, 2009  SEDGWICK, DETERT, MORAN & ARNOLD LLP

By: /s/ Marc A. Koonin
BRUCE D. CELEBREZZE
REBECCA A. HULL
MARC A. KOONIN
Attorneys for Defendant
UNITED INSURANCE COMPANY OF AMERICA

**ORDER**

IT IS SO ORDERED.

DATED: 5/20/2009  /s/ OLIVER W. WANGER
OLIVER W. WANGER
UNITED STATES DISTRICT JUDGE

# EXHIBIT A
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order ("Protective Order") that was issued by the United States District Court for the Eastern District of California in the case of *Garcia v. United Insurance Company of America et al.*, Eastern District of California Case No. 1:08-cv-01153-OWW-GSA. I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State or Nation where sworn and signed: _____

Printed name: _____
      [printed name]